O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#6 (no js6)**

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-7368 PSG (JEMx) | Date | November 19, 2009 |
|---|---|---|---|
| Title | Garcia v. IndyMac Bank, F.S.B. *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order Granting Defendant's Motion to Dismiss and to Expunge Lis Pendens**

Pending before the Court is Defendant Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss and to Expunge Lis Pendens. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court GRANTS Defendant's motion.

I.     Background

On September 14, 2005, Plaintiff Domingo Garcia ("Plaintiff") entered into an adjustable rate mortgage ("the loan") in connection with the purchase of real property ("the property"). On September 4, 2009, Plaintiff filed the instant action, alleging that Defendants IndyMac Bank, F.S.B., First American Title Insurance Company, and Mortgage Electronic Registration Systems, Inc. ("MERS") failed to disclose pertinent information to Plaintiff. Plaintiff claims that MERS encouraged the other Defendants to issue the loan, and that MERS is now seeking to enforce its rights under the loan. *See Compl*. ¶¶ 66, 84.

On September 4, 2009, the same day that the Complaint was filed, Plaintiff recorded a Notice of Pendency of Action ("Lis Pendens"), claiming that he was in "imminent danger" of foreclosure. *See id*. at ¶ 53. On October 19, 2009, MERS filed the instant motion to dismiss Plaintiff's Complaint and to expunge the lis pendens.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#6 (no js6)**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-7368 PSG (JEMx) | Date | November 19, 2009 |
|----------|------------------------|------|-------------------|
| Title | Garcia v. IndyMac Bank, F.S.B. *et al.* | | |

II.     Legal Standard

        Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted.  In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  Rather, the complaint must allege sufficient facts to support a plausible, as opposed to a possible, claim to relief.  *See id.*

        In deciding a Rule 12(b)(6) motion, the court must engage in a two-step analysis.  *See id.* at 1950.  First, the Court must accept as true all non-conclusory, factual allegations made in the complaint.  *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993).  Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff.  *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009).  Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint alleges a plausible claim to relief.  *See Ashcroft*, 129 S. Ct. at 1950.  Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal.  *See id.* ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

III.    Discussion

        In the instant motion, MERS moves to dismiss the Complaint under Rule 12(b)(6) and to expunge the lis pendens recorded by Plaintiff on September 4, 2009.  For the reasons that follow, the Court GRANTS the motion to dismiss and the motion to expunge.

        A.      MERS's Motion to Dismiss

        MERS moves to dismiss Plaintiff's Complaint with prejudice.  Pursuant to the Local Rules, Plaintiff was required to file an opposition by November 9, 2009.  *See* L.R. 7-9.  Plaintiff

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#6 (no js6)**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7368 PSG (JEMx) | Date | November 19, 2009 |
|----------|------------------------|------|--------------------|
| Title | Garcia v. IndyMac Bank, F.S.B. *et al.* | | |

did not file an opposition by that date, and the Court deems Plaintiff's failure to file an opposition to be consent to the granting of the motion. *See* L.R. 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."). Therefore, the Court GRANTS MERS's motion to dismiss.

   B.    MERS's Motion to Expunge

   In addition to seeking the dismissal of Plaintiff's Complaint, MERS also moves to expunge the lis pendens under California Code of Civil Procedure § 405.32. California Code of Civil Procedure § 405.32 provides that a "court shall order that the notice [of pendency of action] be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Cal. Civ. Proc. § 405.32. Plaintiff has failed to establish by a preponderance of the evidence that he will likely succeed on the merits of his claims. *See Amalgamated Bank v. Superior Court*, 149 Cal. App. 4th 1003, 1012, 57 Cal. Rptr. 686 (2007) (noting that § 405.32 requires "a showing that [the party that recorded the lis pendens] is *likely to prevail on the merits*" (emphasis in original)). As Plaintiff has failed to make the requisite showing, MERS's motion to expunge is GRANTED.

   C.    MERS's Request for Attorneys' Fees

   Additionally, MERS requests $2,500.00 in attorney's fees pursuant to California Code of Civil Procedure § 405.38. *See* Cal. Code Civ. Pro. § 405.38 ("The court shall direct that the party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust."). In its motion, however, MERS fails to provide adequate justification for its request of $2,500.00, and thus the Court is unable to make a determination that this request is reasonable. Therefore, MERS's request for attorneys' fees is DENIED without prejudice.

IV.   Conclusion

   Based on the foregoing, the Court:

   1.    GRANTS Defendant MERS's Motion to Dismiss Plaintiff's Complaint with prejudice;

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#6 (no js6)**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-7368 PSG (JEMx) | Date | November 19, 2009 |
|----------|----------------------|------|-------------------|
| Title | Garcia v. IndyMac Bank, F.S.B. *et al.* | | |

2.  GRANTS Defendant MERS's Motion to Expunge Notice of Action Pending (Lis Pendens); and

3.  DENIES Defendant MERS's request for attorneys fees without prejudice.

**IT IS SO ORDERED.**